**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Gordon Paul COOPER, Defendant—Appellant.**

No. 01–55625.

D.C. No. CV–00–02275–JNK.

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2002 *.

Decided March 11, 2002.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

Before WARDLAW, W. FLETCHER, and FOGEL,** Circuit Judges.

MEMORANDUM ***

Gordon Paul Cooper appeals the decision of the district court denying his petition for writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 1291, and we deny the petition.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2253, the scope of review in habeas appeals is limited to those issues specified in the certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B); *Hiivala v. Wood,* 195 F.3d 1098, 1102 (9th Cir.1999). On April 6, 2001, the district court granted a COA solely as to Cooper's claim that his former counsel was ineffective for failing to uncover and disclose witness perjury. Cooper failed to file a timely motion for broader certification under Rule 22–1(d) and, therefore, we will not consider the uncertified issues. Ninth Cir. R. 22–1(d); *see United States v. Zuno–Arce,* 209 F.3d 1095 (9th Cir.2000).

Cooper argues that his counsel was ineffective because he failed to seek an evidentiary hearing to investigate the possibility that perjured testimony was being used at trial. Cooper fails, however, to present any evidence that counsel had any information as to the alleged perjury that would have warranted investigation of this

---

*** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as 9th Cir. R. 36–3 may provide.

matter. Because counsel did not know of any facts that would warrant further inquiry, his performance was not deficient. *Strickland v. Washington,* 466 U.S. 668, 686, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that deficient performance is determined by asking, "in light of all the circumstances," whether "the identified acts or omissions were outside the wide range of professionally competent assistance"). Nor does Cooper establish prejudice, because even if his counsel had used the allegedly perjured testimony to impeach the witness, there is no reasonable probability that the outcome of the trial would have been altered, because the perjured statements address a collateral matter. *See id.* at 694, 104 S.Ct. 2052. When the overwhelming weight of the government's case against Cooper is also considered, Cooper fails to demonstrate actual prejudice under the *Strickland* standard. *Bragg v. Galaza,* 242 F.3d 1082, 1088 (9th Cir.2001) (" 'ineffective assistance claims based on a duty to investigate must be considered in light of the strength of the government's case.' ") (citation omitted).

PETITION DENIED.